**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHRISTOPHER EDWARD NOLAND, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-07-494-F |
| ) | |
| GARFIELD COUNTY DETENTION ) | |
| CENTER, GARFIELD COUNTY SHERIFF'S ) | |
| OFFICE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. This matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Defendants have filed a Motion for Summary Judgment and Brief in Support [Doc. # 40]. Plaintiff has responded to the motion [Doc. #46] and Defendants have filed a reply [Doc. #47]. The Court has also received a Special Report from Misty Taylor, Jail Administrator, Garfield County Detention Center [Doc. #17].

For the reasons set forth below, it is recommended that the Complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) but that Plaintiff be granted leave to amend the Complaint. It is further recommended that Defendants' Motion be denied as moot.

**Plaintiff's Claims**

Plaintiff claims a violation of his rights pursuant to the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that he received improper medical care for treatment of his psychiatric conditions. Plaintiff names two defendants in this action: the Garfield County Detention Center and the Garfield County Sheriff's Office. As relief, Plaintiff seeks compensatory damages in the sum of one million dollars.

Defendants move for judgment as a matter of law on grounds that Plaintiff has failed to allege facts demonstrating a violation of his constitutional rights. In the alternative, Defendants seek dismissal of the Complaint on grounds that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

As discussed below, the Court finds dismissal of the Complaint is proper because the named defendants are not legal entities capable of being sued under § 1983.[1] Therefore, the Court recommends dismissal of the Complaint for failure to state a claim upon which relief may be granted. Based on this recommendation, the Court does not reach the merits of Defendants' Motion and recommends the Motion be denied as moot.

---

[1] Each Defendant raised this defense as an affirmative defense in separately filed answers to the Complaint. *See* Answer of Defendant Garfield County Detention Center [Doc. #15], Affirmative Defenses at 4, ¶¶ 16-18, and Answer of Defendant Garfield County Sheriff's Office [Doc. #16], Affirmative Defenses at 4, ¶¶ 17-18. Defendants did not, however, move for summary judgment on this basis. Because it is clear from the face of the Complaint, however, that Plaintiff has failed to state a claim upon which relief may be granted against the named Defendants, the Court addresses the issue *sua sponte* pursuant to the screening authority of 28 U.S.C. § 1915(e)(2)(B)(ii).

**Analysis**

Where, as here, a plaintiff proceeds *in forma pauperis*, the court is obligated to dismiss the complaint, at any time, if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether dismissal of a *pro se* complaint is proper for failure to state a claim upon which relief may be granted, the Court must take all well-pleaded factual allegations as true and view those facts in the light most favorable to the plaintiff.  Dismissal is proper if, taking those facts as true, the plaintiff has failed to present a plausible right to relief.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Robbins*, 519 F.3d at 1247 (*quoting Twombly*, 127 S.Ct. at 1965). Where, as here, the litigant appears *pro se*, the Court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

As stated, Plaintiff named as Defendants the Garfield County Detention Center and the Garfield County Sheriff's Office. Neither of these Defendants are suable entities for purposes of 42 U.S.C. § 1983.

Rule 17(b) of the Federal Rules of Civil Procedure provides that a non-corporate entity's capacity to be sued is determined by the law of the state in which the district court is located.  Fed. R. Civ. P. 17(b).  In Oklahoma, each organized county can sue and be sued. Okla. Stat. tit. 19, § 1. The authority of each Oklahoma county is exercised by its board of

county commissioners, Okla. Stat. tit. 19, § 3, and a lawsuit brought against a county must be filed against the board of county commissioners of the relevant county. Okla. Stat. tit. 19, § 4. A county jail in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law, and therefore Defendants Garfield County Detention Center and Garfield County Sheriff's Office cannot be sued in this Court. *See Lindsey v. Thomson*, No. 06-7114, 2007 WL 2693970 at *3 (10th Cir. Sept. 10, 2007) (unpublished op.) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *White v. Utah*, No. 00-4109, 2001 WL 201980 at *1 (10th Cir. March 1, 2001) (unpublished op.) (affirming dismissal of county jail; although applicable state law provided that county may sue or be sued, no state law supported directing a cause of action directly against a county's subdivisions, including its jails); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. June 21, 2000) (unpublished op.) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued"); *Reid v. Hamby*, No. 95-7142, 1997 WL 537909 at * 6 (10th Cir. Sept. 2, 1997) (unpublished op.) (holding that "an Oklahoma 'sheriff's department' is not a proper entity for purposes of a § 1983 suit"). Accordingly, Plaintiff's Complaint should be dismissed against the named Defendants for failure to state a claim upon which relief may be granted.

Where, as here, a Complaint fails to state a claim for which relief may be granted, dismissal of the action is proper only if it would be futile to allow the plaintiff leave to amend

the complaint. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Here, Plaintiff could amend the Complaint to name proper defendants to this action, including the Garfield County Board of County Commissioners, the Sheriff of Garfield County, or other state actors Plaintiff alleges may have deprived him of his federal constitutional rights.[2] Therefore, it is recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but that Plaintiff be granted leave to amend the Complaint.

## **RECOMMENDATION**

It is recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) based on Plaintiff's failure to state a claim upon which relief may be granted against the named Defendants but that Plaintiff be granted leave to amend the Complaint. Plaintiff should be required to file an amended complaint within twenty days of any order of the District Court adopting this Report and Recommendation.

It is further recommended that Defendants' Motion for Summary Judgment and Brief in Support [Doc. #46] be denied as moot.

---

[2] For a defendant to be held liable under § 1983, a plaintiff must demonstrate that the defendant personally participated in the alleged violation of the plaintiff's constitutional rights. *Trujillo v. Williams*, 465 F.3d 1210, 1227-1228 (10th Cir. 2006). Therefore, if Plaintiff chooses to file an amended complaint against other defendants, the amended complaint must include sufficient factual allegations demonstrating personal participation by those defendants.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by July 21st, 2008. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 30th day of June, 2008.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE