# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER EDWARD NOLAND,    )
    )
        Plaintiff,    )
v.    )    Case No. CIV-07-494-F
    )
GARFIELD COUNTY DETENTION    )
CENTER, *et al.*,    )
    )
        Defendants.  )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. This matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

The following motions are currently pending before the Court: Defendants State of Oklahoma *ex rel*. Board of County Commissioners of Garfield County -- Steve Hobson, Michael Postier and Scott Savage's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Doc. #73]; Defendants Misty Taylor and Dorothy Tabor's Motion for Summary Judgment and Brief in Support [Doc. #81]; Defendants Bill Winchester and Jerry Niles' Motion for Summary Judgment and Brief in Support [Doc. #82]; and Defendants Hobson, Postier, and Savage's Motion for Summary Judgment and Brief in Support [Doc. #83].[1] In addition, the Court has received a Special Report [Doc. #17]. Plaintiff has filed a

---

[1]The Motion to Dismiss of Defendants Board of County Commissioners of Garfield County and Commissioners Steve Hobson, Michael Postier and Scott Savage [Doc. #73] was filed on (continued...)

response to each of the motions, *see* Response [Doc. #92], and Defendants have, collectively, filed a reply [Doc. #93].

Also pending before the Court are the following additional motions filed by Plaintiff: Motion to Amend and Add Parties [Doc. #88] and Motion to Appoint Counsel and Brief in Support [Doc. ##89-90].

For the reasons set forth below it is recommended that summary judgment be entered in favor of Defendants Taylor, Tabor, Winchester and Niles on grounds that Plaintiff has failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). It is further recommended that summary judgment be entered in favor of Defendants the Board of County Commissioners of Garfield County, Hobson, Postier, and Savage. In addition, it is recommended that the Court decline to exercise supplemental jurisdiction over any state law claims brought by Plaintiff in the Amended Complaint. Finally, it recommended that Plaintiff's Motion to Amend Complaint and Motion for Appointment of Counsel be denied.

---

[1](...continued)
January 5, 2009. These Defendants relied upon matters outside the pleadings, and consequently the Court gave Plaintiff notice of the requirements of Fed.R.Civ.P. 56 for purposes of his response. *See* Doc. #74. Prior to any disposition of that motion, Defendants filed, pursuant to Fed.R.Civ.P. 56, a Motion for Summary Judgment and Brief in Support [Doc. #83] on April 7, 2009. The two motions submitted by Defendants raise the same issues and rely on similar argument and authorities. The second-filed motion for summary judgment, however, relies upon a more complete evidentiary record. Pursuant to LCvR56.1(a), absent leave of Court, each party may file only one motion under Fed.R.Civ.P. 56. In the interests of efficient case management, it is recommended that Defendants' Motion to Dismiss [Doc. #73] be deemed moot, as it was superseded in its entirety by Defendants' subsequently filed Motion for Summary Judgment.

## I.   **Procedural History**

Plaintiff's claims in this lawsuit arise from incidents that occurred during Plaintiff's incarceration at the Garfield County Detention Center (GCDC) in Enid, Oklahoma.

Plaintiff filed a civil rights complaint on April 26, 2007, and named two defendants: the Garfield County Detention Center and the Garfield County Sheriff's Office.   The complaint was dismissed on grounds that neither of the named defendants was a suable entity for purposes of 42 U.S.C. § 1983, and Plaintiff was granted leave to amend his complaint to name proper defendants.   *See* Report and Recommendation (June 30, 2008) [Doc. #49] and Order Adopting (August 29, 2008) [Doc. # 54].

On September 19, 2008, Plaintiff filed an Amended Complaint [Doc. #55].  Plaintiff named as defendants the following prison officials employed at the GCDC: Bill Winchester, Sheriff, Jerry Niles, Undersheriff, Dorothy Tabor, detention officer, and Misty Taylor, detention officer.   In addition, Plaintiff sued Garfield County, naming as defendants The State of Oklahoma *ex rel*, the Board of County Commissioners of Garfield County - Steve Hobson, Michael Postier and Scott Savage (collectively, the County Commissioners).[2]

---

[2]Although Plaintiff references the State of Oklahoma in suing the Board of County Commissioners, the Court does not construe Plaintiff's allegations as including claims against the State of Oklahoma.  It is clear from the allegations of the Complaint that Plaintiff intends to sue Garfield County by naming as defendants the Board of County Commissioners and the individual Commissioners in their official capacity.

II.   **Factual Background / Plaintiff's Claims**

Plaintiff is currently incarcerated at the Davis Correctional Facility in Holdenville, Oklahoma. *See* Notice of Change of Address [Doc. #94]. As stated, however, Plaintiff's claims arise out of his detention at the GCDC. In Count I of the Amended Complaint, Plaintiff alleges he received improper psychiatric care in violation of his Eighth Amendment rights.[3] According to the allegations, Dr. Ogle, a contract physician for the GCDC, improperly prescribed Haldol for treatment of Plaintiff's mental illness and pursuant to this prescribed treatment, Plaintiff was given two Haldol injections on March 15, 2007. In Count II of the Amended Complaint, Plaintiff claims he suffered adverse effects from the Haldol injections including drooling, muscle spasms and pain in his stomach, back, arms and face. In Count III, Plaintiff claims deliberate indifference to his need for psychiatric and medical care. He claims his requests for medical care to address adverse effects of the Haldol injections were ignored and that medical care was delayed for a period of fourteen days. Plaintiff claims Defendants' conduct constitutes the intentional infliction of emotional

---

[3]The record is not clear as to whether Plaintiff was a pretrial detainee for some or all of the period of his incarceration at GCDC during which the conduct about he complains occurred. Plaintiff's status, however, as either a pretrial detainee or convicted prisoner does not affect analysis of his claims. While Plaintiff's claims as a pretrial detainee are governed by the Fourteenth Amendment's Due Process Clause, the Tenth Circuit has determined the scope of this protection is co-extensive with the Eighth Amendment. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998) ("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims.") (citation omitted); *see also Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) ("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment, [and courts in this circuit] appl[y] an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983.").

distress.   In Count IV of the Amended Complaint, Plaintiff alleges the Haldol injections constitute forced medical treatment to which he did not consent in violation of his federal constitutional rights.   Finally, in Count V of the Amended Complaint, Plaintiff alleges he was denied access to the courts and suffered retaliation from prison officials after the filing of his lawsuit.   According to Plaintiff, he was denied canteen privileges, other inmates were allowed to start fights with him, a misconduct was issued against Plaintiff and he was locked up in a cell as punishment.

As relief, Plaintiff seeks compensatory and punitive damages, including damages for pain and suffering and intentional infliction of emotional distress.   Plaintiff also seeks declaratory relief but does not specifically identify the nature of the declaratory relief requested.

## III.   Standard of Review on Motions for Summary Judgment

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).   In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party.  *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992); *Manders v. State of Oklahoma*, 875 F.2d 263, 264 (10th Cir. 1989).   A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986).  "Material facts" are "facts that might affect the outcome of the suit under the governing law."  *Id.*

When a Court-ordered *Martinez* report is part of the record, the report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence."  *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).  "The plaintiff's complaint may also be treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury."  *Id.*

## IV.   **Analysis**

The Court first addresses the affirmative defense that Plaintiff failed to exhaust administrative remedies, a defense raised in the summary judgment motion filed on behalf of Defendants Taylor and Tabor, and separately raised in the summary judgment motion filed on behalf of Defendants Winchester and Niles.  As set forth below, the record demonstrates Plaintiff has not exhausted administrative remedies as to the claims raised in the Amended Complaint and Defendants are entitled to summary judgment on this ground.

The County Commissioners, though represented by the same counsel as the other Defendants, did not move for dismissal of the Amended Complaint on exhaustion grounds.  *See* County Commissioner's Motion to Dismiss [Doc. #73].  Nor have the County Commissioners raised this defense in their subsequently filed Motion for Summary Judgment [Doc. #83].  Nonetheless, as discussed below, alternative grounds exist upon which to grant judgment as a matter of law in favor of the County Commissioners.

## A.   <u>Failure to Exhaust Administrative Remedies</u>

Defendants Taylor and Tabor and Defendants Winchester and Niles have separately raised the affirmative defense that Plaintiff has failed to comply with the exhaustion requirement of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *See* Taylor and Tabor Motion [Doc. #81] at 23; Winchester and Niles Motion [Doc. # 82] at 18. Although the Defendants separately raise this defense, they rely on the same factual allegations in support of the defense.  The Court, therefore, jointly addresses the Defendants' Motions.

Section 1997e(a) mandates exhaustion of administrative remedies in actions, such as this one, challenging prison conditions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). To comply with the exhaustion requirement, a prisoner must fully observe the prison's grievance procedures.  *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Thus, an inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim for failure to exhaust his administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

### 1.    The GCDC Grievance Procedure

The GCDC "provide[s] inmates with an internal grievance mechanism for resolving complaints arising from jail and/or jail employee[']s actions or inactions without fear of reprisal."   *See* Doc. #40, Exhibit 15, Grievance Procedure: POLICY (incorporated by reference in Defendants' Motions).   An inmate must submit a grievance on a proper Grievance Form to any detention staff member.  *Id*., PROCEDURES:  ¶ A, Form, and ¶ C, Delivery.  The forms are available from any detention staff member.  *Id*. ¶ A.  The grievance is then delivered by staff to the Jail Administrator (Defendant Misty Taylor) or her designee. *Id*., ¶ C, Delivery.  A written response to the grievance is provided to the inmate within ten working days from the date the grievance is received.  *Id*., ¶ F, Response.  Further, any response to the grievance (or lack of response) may be appealed to the Sheriff (Defendant Bill Winchester) who shall respond in writing.  *Id*., ¶ G, Appeals.  The Procedure provides that "[a]ll grievances and responses, dated and signed, are placed in the inmate's jail file." *Id*., ¶ H, Records.  The Procedure expressly forbids employees of the GCDC from punishing an inmate for writing a grievance.  *Id*., ¶ I, Retaliation.  In addition, the Procedure provides that "[i]f for any reason a[n] inmate fears use of the grievance procedure, the inmate[']s grievance may be presented to the Sheriff as an appeal."  *Id*., ¶ G, Appeals.

### 2.    Plaintiff's Efforts Towards Exhaustion of Administrative Remedies

Defendants, citing the Affidavit of Defendant Sheriff Winchester, state that Plaintiff's jail file contains no written grievances, written medical requests or written requests to staff forms for the time period March 15, 2007, when Plaintiff was given the Haldol, through

March 28, 2007, when Plaintiff was taken to the Integris Bass Emergency Room in Enid, Oklahoma, to receive treatment for adverse side effects from the Haldol injections. *See* Affidavit of Sheriff Bill Winchester [Doc. #40-17], ¶¶ 4-6.  In addition, Defendants cite the Affidavit of Misty Taylor, Jail Administrator, identifying several grievances filed by Plaintiff, none of which concern the matters at issue in this lawsuit. *See* Defendants' Motion, Exhibit 1 [Doc. #81-2], Affidavit of Misty Taylor, ¶¶ 11-14, *citing* Exhibits D-J. Defendants rely on these grievances as evidence that Plaintiff knew how to and did utilize the grievance procedure during his incarceration at GCDC.  Moreover, Defendant Taylor states that Plaintiff failed to file a grievance appeal for any claims or issues. *Id*., ¶ 15.

   In responding to Defendants' Motions, Plaintiff does not dispute that he did not submit any written grievances related to the claims raised in this lawsuit.  As to the claims raised in Counts II and III of the Amended Complaint challenging his medical treatment in relation to the Haldol injections, Plaintiff contends administrative remedies were not available.  Plaintiff alleges that he asked Defendant Tabor for request to staff and grievance forms so that he could obtain sufficient medical care following the Haldol injections he received on March 15, 2007.  *See* Plaintiff's Response [Doc. #92] at 3.  According to Plaintiff's allegations, Defendant Tabor told Plaintiff she would not provide him any forms and that he was experiencing normal side effects which did not require medical care.  *Id*. Plaintiff includes his own affidavit wherein he states that "several days" after receiving the injections he made *verbal* complaints of pain to Defendants Tabor and Taylor.  *See* Plaintiff's Response, Affidavit of Christopher Noland [Doc. #92-2] at 2, ¶ 3.  This statement does not

establish compliance with the GCDC's grievance procedure. *See Jernigan*, 304 F.3d at 1032 (a prisoner must properly exhaust administrative remedies, and giving notice of claims to various defendants by means other than the grievance process is not sufficient).

Plaintiff further states in his affidavit that "[d]uring and after the administering of the Halperidol the Plaintiff and several other inmates requested medical care and grievance forms to contact the Sheriff and Undersheriff about the Plaintiff's severe pain and (non-medical assistance in a prompt manner)." *See* Affidavit of Christopher Noland at 2, ¶ 5. Plaintiff then states: "It was officer Dorothy Tabor that refused to give Plaintiff and several other inmates grievances after the incident occurred, and/or fill out forms (Plaintiff's spasms)." *See id*. Affidavit of Christopher Noland at 2, ¶ 6. Plaintiff makes no other allegations concerning his attempts at exhaustion of administrative remedies. Particularly, Plaintiff makes no allegations that he attempted to exhaust the claims raised in this lawsuit apart from the claim alleging delayed medical care following the Haldol injections.[4]  Nor

---

[4]Plaintiff attaches to his response a number of grievances submitted during the months of November and December 2007.  These grievances relate to a denial of: (1) hygiene items; (2) a calling card to allow him to make phone calls; and (3) stamps. Other grievances also request that names of inmates be provided to Plaintiff because he intended to utilize these inmates as witnesses in his lawsuit.  And, one other grievance made a request for copies of legal documents.  *See* Plaintiff's Response, Exhibits A-H.  These grievances only relate, in part, to the claim raised in Count V of the Amended Complaint alleging a denial of access to the courts.  Defendants contend this claim is, nonetheless, unexhausted because a review of Plaintiff's prison file establishes Plaintiff did not file any grievance appeals and, therefore, did not complete the exhaustion process.  *See Jernigan*, 304 F.3d at 1032 ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.").  Plaintiff has not responded with any material facts in opposition.  It appears, therefore, that to the extent Plaintiff claims the denial of a calling card, stamps or copies of legal documents supports a claim that he was denied access to the courts, these claims are unexhausted. Moreover,
(continued...)

does Plaintiff allege he was thwarted in his ability to file a request to staff or grievance as to any claim other than the claim alleging delayed medical care following the Haldol injections.

The record presented demonstrates Plaintiff has failed to exhaust administrative remedies.  While refusing a prisoner a grievance form could raise an inference that an administrative remedy is not "available," *see, e.g., Garcia v. Taylor*, 113 Fed. Appx. 857, 859 (10th Cir. Oct. 19, 2004) (unpublished op.), here Plaintiff has not alleged facts sufficient to establish a genuine issue of material fact that prison officials thwarted his ability to pursue administrative grievances.  Accepting Plaintiff's factual allegations as true and construing those allegations in the light most favorable to Plaintiff for purposes of summary judgment, he alleges only that Defendant Tabor denied his request for the proper grievance forms.  Yet, the policy provides that a grievance form may be obtained from any detention staff member. Plaintiff does not allege facts demonstrating that after Defendant Tabor's alleged denial of his requests for forms, he then attempted to obtain a form from other staff members or that any other staff members refused his requests.  To the contrary, Plaintiff specifically states it

---

[4](...continued)

as discussed *infra*, in relation to the County Commissioner's motion for summary judgment, Plaintiff's lack of access to courts claim is without merit.  Therefore, even if the grievances Plaintiff submitted did satisfy exhaustion of that part of Count V alleging denial of access to the courts, Defendants would be entitled to summary judgment on the claim.  Defendants have raised the defense of qualified immunity on grounds that Plaintiff has failed to allege facts demonstrating the denial of a constitutional right.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known").  Plaintiff has not alleged the requisite actual injury necessary to establish a violation of his right of access to courts and, therefore, qualified immunity would be proper on this basis.

was Officer Tabor who refused to give Plaintiff the proper forms. *Compare Jones v. Smith*, 266 F.3d 399 (6th Cir. 2001) (dismissal for failure to exhaust was proper because plaintiff failed to allege that the prison official who refused to provide a grievance form was the only source of those forms or that plaintiff made other attempts to obtain a form or file a grievance without a form).

In addition, to the extent Plaintiff believed Defendant Tabor was hindering his efforts to pursue administrative remedies, he could have submitted the grievance directly to the Sheriff pursuant to the GCDC's grievance procedure. Plaintiff makes no allegation that he attempted this course of action.

Finally, the record includes a grievance Plaintiff submitted in April 2007, just one month after he had received the Haldol injections. *See* Taylor and Tabor Motion, Exhibit J to Defendant Taylor's Affidavit [Doc. #81-2 at 23]. In that grievance, Plaintiff complained about inmates being placed in lock down on Wednesdays during the chaplain's visit. Significantly, the GCDC's grievance procedure contains no time limitation on when an inmate is permitted to submit a grievance. Plaintiff provides no reasons why he did not raise a complaint about the delay in medical care, or any of the other claims asserted in this lawsuit, when he submitted the grievance in April 2007 or at some later time thereafter.

The Tenth Circuit Court of Appeals has held that conclusory and self-serving allegations by a prisoner that prison officials thwarted his efforts to exhaust administrative remedies are insufficient. *See, e.g., Simpson v. Jones*, 316 Fed. Appx. 807, 810-811 (10th Cir. March 19, 2009) (unpublished op.) (prison inmate's unsworn, generalized and conclusory

allegations regarding allegedly rampant practice on part of Oklahoma Department of Corrections employees to hinder or sabotage inmates' attempts to exhaust their administrative remedies, as required by § 1997e(a), were insufficient to create any genuine issue of material fact as to whether he had in fact exhausted his administrative remedies); *Bell v. Ward*, 189 Fed. Appx. 802, 804 (10th Cir. July 26, 2006) (unpublished op.) (where state submitted evidence demonstrating that prisoner's file did not contain any administrative appeals for the time period governing prisoner's claims, and prisoner responded with only conclusory allegations that prison officials destroyed his appeals and falsified the prison grievance log, record failed to establish that administrative remedies were unavailable or futile and district court properly applied § 1997e(a)'s exhaustion requirement in dismissing prisoner's § 1983 action). *See also Thomas v. United States Bureau of Prisons*, 282 Fed. Appx. 701, 704 (10th Cir. June 24, 2008) (unpublished op.) (conclusory and self-serving statement by prisoner that it was not feasible to exhaust administrative remedies due to illness – even though presented in an affidavit – were insufficient to create a genuine issue of fact to survive summary judgment). Plaintiff's allegations are similarly too conclusory to support an inference that prison officials thwarted his efforts to pursue administrative remedies to such a degree as to render those administrative remedies unavailable.

In addition to the conclusory nature of Plaintiff's allegations concerning exhaustion, the Court further notes that Plaintiff's statements regarding exhaustion as set forth in his response to the Defendants' Motions are in stark contrast to the allegations set forth in the Amended Complaint. While in his response, Plaintiff's position is that he was never

provided grievance forms so that he could pursue exhaustion of administrative remedies, in the Amended Complaint, Plaintiff alleged that after gaining the use of his fingers and arms, he "sent several 'RTS' Request to Staffs and Grievances to Jail Administrator/Sheriff and Warden and Garfield County . . . ." *See* Amended Complaint at 11.  Plaintiff's inconsistent allegations provide a further basis for finding the conclusory nature of his allegations concerning exhaustion of administrative remedies insufficient to survive summary judgment in favor of the Defendants.  Accordingly, summary judgment should be entered in favor of Defendants Tabor and Taylor and Winchester and Niles on grounds that Plaintiff has failed to exhaust administrative remedies.[5]  Based on this recommended disposition, it is not necessary for the Court to address the alternative bases upon which these Defendants have moved for summary judgment.

---

[5]Plaintiff makes a reference to the fact that denial of access to a law library or legal assistance "hindered his ability to be informed or know the proper exhaustion requirements of § 1997e(a) of the PLRA." *See* Plaintiff's Response at electronic page 10.  This allegation does not alter the Court's analysis.  The PLRA requires the exhaustion of administrative remedies but does not set forth the procedures for doing so.  As the Supreme Court explained in *Jones v. Bock*, the applicable procedural rules for proper exhaustion of administrative remedies "are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218. Plaintiff does not deny he had knowledge of the grievance procedure at GCDC and, as set forth above, the record demonstrates such knowledge, as Plaintiff made frequent use of the grievance procedure regarding a number of complaints he had while incarcerated at GCDC. *Compare Musacco v. Torres*, No. 08-2261, 2009 WL 1668571 at *2 (10th Cir. June 16, 2009) (unpublished op.) (rejecting prisoner's allegation that prison officials made it difficult to file grievances where the record demonstrated the prisoner had "submitted multiple grievances, showing that he [was] adequately familiar with the procedures"). *See also Gonzales-Liranza v. Naranjo*, 76 Fed. Appx. 270, 272-273 (10th Cir. Oct. 2, 2003) ("[A]s a matter of law, any factual dispute between the parties as to whether or not plaintiff was ever advised or informed of the prison's grievance procedure was not relevant."). Plaintiff fails to demonstrate how his alleged lack of knowledge about § 1997e(a)'s exhaustion requirement precluded him from utilizing the GCDC's grievance procedure.

**B.**     **Motion for Summary Judgment of the County Commissioners**

The County Commissioners move for summary judgment of Plaintiff's individual and official capacity claims brought pursuant to 42 U.S.C. § 1983.[6] Defendants contend Plaintiff has failed to allege their personal participation in the alleged violation of his constitutional rights and therefore, any individual capacity claims against the County Commissioners must fail. Defendants further seek summary judgment as to Plaintiff's official capacity claims stating Plaintiff has failed to allege facts demonstrating injuries arising from an official

---

[6]The County Commissioner's motion for summary judgment does not contain express reference to the Board of County Commissioners as one of the moving defendants, instead listing the three individual Commissioners, Steve Hobson, Michael Postier and Scott Savage. Further, the County Commissioners include the following statement in their motion:

> On September 19, 2008, Plaintiff filed an Amended Complaint naming as Defendants the individual County Commissioners, Sheriff Bill Winchester, Undersheriff Jerry Niles, GCDC Jail Administrator Misty Taylor and Jailer Dorothy Tabor. Plaintiff included 'the Board of County Commissioners of Garfield County" in the style of the case, but he failed to serve the Board with process.

*See* County Commissioner's Motion [Doc. #83] at 4 and footnote 1. Prior to moving for summary judgment, however, the Board of County Commissioners joined Defendants Hobson, Postier and Savage in moving for dismissal of the Amended Complaint and did not raise insufficiency of process as grounds for dismissal. *See* Motion to Dismiss [Doc. #73]. Thus, the Board waived any challenge to insufficiency of process of the Amended Complaint. *See* Fed. R. Civ. P. 12(g)(2) and 12(h). Moreover, because an official capacity claim against the County Commissioners has the same legal effect as an official capacity claim against the Board, no legal significance attaches to any attempted omission of the Board from the Defendants' motion for summary judgment and, therefore, the Court construes the motion as also filed on behalf of the Board. Finally, even if the motion for summary judgment is not properly construed as filed  on behalf of the Board, as discussed *infra*, Plaintiff has failed to present in the Amended Complaint facts sufficient to state an official capacity claim against the Board and, therefore, dismissal of the Board would be proper pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

policy or custom.   In addition, the County Commissioners contend they lack "final policymaking authority" over the jail.

### 1.    Individual Capacity Claims

It is fundamental that personal participation is an essential element of a § 1983 claim seeking damages from a defendant in his or her individual capacity. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (quotation omitted); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).   To establish personal participation, a plaintiff must allege facts demonstrating an affirmative link between the constitutional deprivation and the defendant's personal participation, exercise of control or direction, or failure to supervise. *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997).

Plaintiff's Amended Complaint contains no allegations that the County Commissioners personally participated in the alleged unconstitutional conduct which forms the basis of Plaintiff's claims.  Indeed, during deposition testimony, Plaintiff testified that he had never seen the County Commissioners during his incarceration at GCDC, had never had any conversations with them and had never sent any letters or requests to staff to them. *See* County Commissioners' Motion [Doc. #83], Exhibit 1, Plaintiff's deposition at 46.  When asked what the County Commissioners' involvement in this case is, Plaintiff responded: "As far as I've been informed, they are over Bill Winchester and everybody.  Anything that actually goes through eventually goes to them." *See id*.  However, supervisory status, without more, is insufficient to establish § 1983 liability. *See Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008).  And, Plaintiff's unsupported allegation that "[a]nything that

16

goes through eventually goes to them" is insufficient to establish the requisite affirmative link to the alleged constitutional deprivations about which Plaintiff complains. Accordingly, the County Commissioners are entitled to judgment as a matter of law as to any individual capacity claims brought against them in the Amended Complaint.

In responding to the County Commissioner's motion for summary judgment, Plaintiff does not challenge the County Commissioner's argument that they did not personally participate in the alleged unconstitutional acts about which he complains. Instead, Plaintiff claims the County Commissioners are liable for an unconstitutional policy of denying inmates access to a law library or legal assistance and for a lack of any policy regarding the provision of proper psychological or psychiatric care. The Court addresses these claim as claims against the County Commissioners in their official capacity.

### 2.     Official Capacity Claims

A claim against the County Commissioners in their official capacity is, in essence, a claim against Garfield County. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *see also Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 n. 2 (10th Cir.1998) ("[A] section 1983 suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.")(citation and quotation omitted). To establish liability against a municipal entity or other local government body, Plaintiff must show first that "a municipal employee committed a constitutional violation" and second that "a municipal policy or custom was the moving force behind the constitutional deprivation." *Walker v. City of Orem*, 451 F.3d 1139, 1152 (10th Cir. 2006).

17

In the Amended Complaint, Plaintiff includes no allegations about any unconstitutional policies or practices at GCDC. The absence of any such allegations, standing alone, supports dismissal of his official capacity claims against the County Commissioners.

In his Response, Petitioner attempts to identify two alleged policies or customs as responsible for the alleged deprivation of his constitutional rights. First, Plaintiff claims it is a policy of the GCDC to deny prisoner's access to a law library or to legal assistance. Second, Plaintiff claims GCDC does not have a policy for the provision of proper psychological or psychiatric care. Plaintiff does not point to any specific facts to support these claims. Instead, he references an agreement between the Board of County Commissioners of Garfield County and the Garfield County Criminal Justice Authority for Operation, Maintenance and Administration of the GCDC (Agreement). *See* Plaintiff's Response at electronic pages 10-11.[7] Plaintiff claims because the Agreement contains no express provision regarding access to a law library or legal assistance, no such access is provided at GCDC. *See* Plaintiff's Response, Affidavit ¶ 14 [Doc. #92-2 at 3]. Similarly relying on the absence of any express terms in the Agreement, Plaintiff conjectures that it is a policy of Garfield County to deny provision of psychological or psychiatric care to inmates incarcerated at the GCDC. Plaintiff's wholly conclusory allegations are insufficient to establish liability against the County Commissioners in their official capacities. Moreover,

---

[7]The agreement referenced by Plaintiff is attached to the County Commissioners' Motion for Summary Judgment. *See* Motion [Doc. #83], Exhibit 2, Agreement.

as discussed below, the record demonstrates Plaintiff has not shown a violation of his constitutional rights based on any official policy or custom.

### a.        Access to a Law Library or Legal Assistance

Plaintiff contends as a result of the GCDC's alleged policy denying prisoners access to a law library or to legal assistance, he was deprived his constitutional right of access to the courts while incarcerated at GCDC.  The Due Process Clause of the Fourteenth Amendment guarantees state prisoners the right to "adequate, effective and meaningful" access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 822 (1977).   Pretrial detainees also have a constitutional right of access to the courts.  *Love v. Summit County*, 776 F.2d 908, 912 (10th Cir. 1985).  "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds*, 430 U.S. at 828 (footnote omitted).

Plaintiff's claim is based on conjecture, and the factual record does not support an inference that Plaintiff has been denied access to the courts pursuant to any official policy of Garfield County.  More significantly, however, to state a valid claim based on denial of access to the courts, Plaintiff must demonstrate he suffered an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (a prisoner does not demonstrate a constitutional violation "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense" . . . but must "go one step further and demonstrate that the alleged

shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim").

Even if Plaintiff's allegations regarding an unconstitutional policy were sufficient, he has not demonstrated that he suffered any actual injury.  Plaintiff alleges actual injury based on the dismissal of his complaint in this action.  However, Plaintiff was allowed leave to file an amended complaint, which he did, and, therefore, cannot demonstrate actual injury based on the dismissal of the complaint.  Plaintiff further alleges that the denial of access to a law library hindered his ability to comply with § 1997e(a)'s exhaustion requirement.  *See* Plaintiff's Response [Doc. #92] at 5, ¶ 5.  Plaintiff provides no factual support for this conclusory allegation.  As set forth, *see supra* at 9, 12 and footnote 4, Plaintiff clearly knew about the grievance procedure at GCDC as he utilized the grievance procedure on several occasions.  Therefore, he fails to demonstrate that his ability to utilize the grievance procedure was in any way contingent upon access to legal materials.  Because Plaintiff has not alleged facts sufficient to demonstrate an actual injury, his official capacity claim against the County Commissioners, based on an alleged unconstitutional policy of not providing adequate legal resources, should be denied.

### b.    Provision of Psychological or Psychiatric Care

While Plaintiff is correct that incarcerated persons have the right to adequate psychiatric care, *see Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir.1980), Plaintiff provides no factual support for his claim that GCDC's policy is to deny psychiatric care.  And, the record belies Plaintiff's allegation, demonstrating that Plaintiff received extensive care for

his psychological and/or psychiatric needs throughout his incarceration at GCDC.  Indeed, Plaintiff's claim are based largely on his disagreement with the care provided, not on lack of any policy to provide care. Therefore, Plaintiff has failed to allege facts sufficient to establish grounds for an official capacity claim against the County Commissioners.

The County Commissioners are entitled to summary judgment as to Plaintiff's official capacity claims.  Because Plaintiff has failed to allege sufficient facts demonstrating an unconstitutional policy or custom, it is not necessary for the Court to address Defendants' additional argument that they lack final policymaking authority.

### C.    Plaintiff's State Law Claims

In each of their motions, the various defendants have also sought summary judgment on any state law claims Plaintiff might have raised.  *See* Taylor and Tabor Motion at 32-34; Winchester and Niles Motion at 15-17; and County Commissioner's Motion at 12-15.  It is not clear from the allegations of the Amended Complaint that Plaintiff is even raising any state law claim.  However, in Count III, Plaintiff claims deliberate indifference to his need for psychiatric and medical care based on delayed treatment following the adverse effects he suffered from the Haldol injections.  In the context of this federal constitutional claim, Plaintiff further alleges that Defendants' conduct constitutes the intentional infliction of emotional distress.  In addition, in his requested relief, Plaintiff requests damages and declaratory relief for all "state and federal constitutional claims." Thus, to the extent Plaintiff has raised state claims, it is recommended that the Court decline to exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(c)(3).  As set forth above, summary

judgment is proper as to Plaintiff's claims against each of the named Defendants. Where, as here, there are no remaining federal question claims in the case, it is proper for the district court to decline to exercise supplemental jurisdiction over state law claims and, indeed, it is the preferred practice. *See Smith v. City of Enid By and Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995). Accordingly, should the district court adopt the recommendations set forth herein that summary judgment be granted in favor of each of the Defendants, it is further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## V.     **Plaintiff's Pending Motions**

Pending before the Court are the following two motions filed by Plaintiff: (1) Motion to Amend Amended Complaint and Add Parties [Doc. #88]; and Motion for Appointment of Counsel [Doc. #89].  It is recommended that these motions be denied.

### A.     **Motion to Amend Complaint and Add Parties**

Plaintiff requests leave to amend to name as additional defendants Dr. Ogle, the doctor who prescribed the Haldol injections which are the subject of some of Plaintiff's claims as set forth above, and Kim Johnson, whom Plaintiff identifies as a nurse who has experience with Haldol and should have known of the adverse side effects that accompany use of Haldol.  Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2). Plaintiff, however, has failed to demonstrate exhaustion of administrative remedies regarding the claims alleged in this lawsuit relating to the Haldol injections and the side effects Plaintiff suffered thereafter.  Plaintiff's requested leave to amend is not premised on

additional facts that might show exhaustion of administrative remedies.  Instead, Plaintiff seeks only to name additional defendants.  If Plaintiff were allowed leave to amend to name these additional defendants, Plaintiff still would be unable to demonstrate exhaustion of administrative remedies.  Under these circumstances, therefore, Plaintiff's request for leave to further amend the complaint should be denied.

### B.    Motion for Appointment of Counsel

Whether to appoint counsel in a civil rights action rests on a number of factors, including the merits of the litigant's claims, the nature of the factual issues, the litigant's ability to present his claims and the complexity of the legal issues raised by the claims. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  As set forth above, Plaintiff has failed to satisfy the exhaustion requirement and his claims against the County Commissioners lack merit.  Further, Plaintiff's claims do not present factually or legally complex matters, and Plaintiff has demonstrated adequate ability to present his claims.  Accordingly, Plaintiff's request for appointment of counsel should be denied.

### RECOMMENDATION

It is recommended that Defendants Misty Taylor and Dorothy Tabor's Motion for Summary Judgment and Brief in Support [Doc. #81] and Defendants Bill Winchester and Jerry Niles' Motion for Summary Judgment and Brief in Support [Doc. #82] be granted on grounds that Plaintiff has failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

It is further recommended that Defendants The Board of County Commissioners of Garfield County, Hobson, Postier, and Savage's Motion for Summary Judgment and Brief in Support [Doc. #83] be granted.  The prior-filed Motion to Dismiss [Doc. #73] submitted by these Defendants should be deemed moot.

It is recommended that the Court decline to exercise supplemental jurisdiction over any state law claims brought by Plaintiff in the Amended Complaint.

In addition it is  recommended that Plaintiff's Motion to Amend Complaint and Add Parties [Doc. #88] and Plaintiff's Motion for Appointment of Counsel [Doc. #89] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by October ___19th___, 2009.  *See* LCvR72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __29th__ day of September, 2009.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE